NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LaTONYA R. FINLEY,

Plaintiff-Appellant,

v.

OAKLAND HOUSING AUTHORITY; et al.,

Defendants-Appellees.

No. 20-15347

D.C. No. 4:19-cv-07126-JSW

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted December 2, 2020**

Before:    WALLACE, CLIFTON, and BRESS, Circuit Judges.

LaTonya R. Finley appeals pro se from the district court's judgment

dismissing her fair housing action alleging due process and conspiracy claims in

connection with the termination of her Section 8 benefits.  We have jurisdiction

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo.  *Lockhart v. United States*, 376 F.3d 1027, 1028 (9th Cir. 2004).  We affirm.

The district court properly dismissed Finley's due process claims because Finley failed to allege facts sufficient to show that defendants deprived Finley of required due process.  *See Goldberg v. Kelly*, 397 U.S. 254, 267-68 (1970) (welfare recipients are entitled to "timely and adequate notice detailing the reasons for a proposed termination, and an effective opportunity to defend by confronting any adverse witnesses and by presenting his own arguments and evidence orally"); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Long v. County of Los Angeles*, 442 F. 3d 1178, (9th Cir. 2006) (requirements for showing municipal liability for a constitutional violation); 24 C.F.R. §§ 982.555(a)(1)(v), (a)(2), (c), and (e)(5) (explaining due process requirements owed to families prior to the termination of Section 8 benefits; evidence may be considered without regard to admissibility under the rules of evidence).

The district court properly dismissed Finley's conspiracy claim under 42 U.S.C. § 1985(3) because Finley failed to allege facts sufficient to show the existence of a conspiracy.  *See Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (setting forth elements of a § 1983 conspiracy claim); *Simmons v.*

*Sacramento Cty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (explaining that "conclusory allegations" are insufficient to state a conspiracy claim under § 1983).

The district court properly dismissed Finley's Privacy Act claim because Finley failed to allege facts sufficient to show a plausible claim. *See Rouse v. U.S. Dep't of State*, 567 F.3d 408, 413-14 (9th Cir. 2009) (discussing requirements for Privacy Act claims).

We reject as unsupported by the record Finley's contentions that the magistrate judge improperly issued non-dispositive orders and recommendations in her action.

**AFFIRMED.**